Requestor: Robert F. Kozakiewicz, Esq., Town Attorney Town of Riverhead 200 Howell Avenue Riverhead, N Y 11901-2596
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve as the elected town receiver of taxes and assessments and also sell real property located within the boundaries of the same town. You have indicated that the individual's private activities would be limited to the sale of parcels and would not include any activities which would require the approval of any town agency.
First, we note that every local government, including a town, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. General Municipal Law § 806(1). We suggest that you examine the town's code of ethics to determine whether there are any applicable regulations.
Generally, it is the duty of the elected receiver of taxes and assessments to receive and collect all State, county, town and school taxes, and all assessments that may be levied or assessed in the town. Town Law § 37.
In that the elected receiver of taxes and assessments does not exercise discretionary authority but performs duties that are entirely ministerial and technical, as defined by State law, we see no potential for a conflict of interests between the duties of that office and work as a real estate salesperson. 1987 Op Atty Gen (Inf) 150. Compare, Op Atty Gen (Inf) No. 90-53.
We conclude that conflicts of interests do not result when an elected receiver of taxes and assessments acts in his or her private capacity as a real estate salesperson in the same town.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.